IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HUNTER DERICKSON and
JACE DERICKSON                    )
                                  )
     Plaintiffs,                  )
                                  )
v.                                )        CIVIL ACTION FILE NO.:
                                  )
W. W. GRAINGER, INC               )
                                  )        _____
                                  )
                                  )
     Defendant.                   )

## COMPLAINT

COME NOW Plaintiffs and present their Complaint, which seeks to recover damages for personal injury and loss of consortium from Defendants and show the Court:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction pursuant to 28 USC §1332. Plaintiff and defendants are citizens of different states and the matter in controversy exceeds the value of $75,000.00 exclusive of interest and costs.

2.

Plaintiffs are citizens of the State of Georgia.

3.

Defendant W. W. Grainger, Inc ("Grainger") is a foreign company licensed to do business in the State of Georgia. Grainger's principal place of business is Illinois, and its state of incorporation is Illinois. Grainger may be served through its registered agent, Corporation Service Company at its registered office: 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Ga 30092.

4.

Venue lies in the Atlanta Division of the United States District Court for the Northern District of Georgia since a substantial part of the events or omissions, giving rise to the claim occurred in the Atlanta Division.

## STATEMENT OF MATERIAL FACTS

5.

At all times material to this action, plaintiff Hunter Derickson was employed as a maintenance engineer with Bailey Street Bakery, L.L.C. (The Bakery) located at 165 Bailey Street S.W., Atlanta, Ga. 30314.

6.

On or about May 2, 2021, Defendant Grainer sold two (2) new Electric Chain Hoists which it had manufactured to The Bakery through Grainer Invoice

Number 858333362.

7.

On May 27, 2019, Plaintiff Hunter Derickson and his co-workers were using one of the Electric Chain Hoists and mounted it for the purpose of lifting a gear to install in one of the machines at The Bakery.

8.

As the gear was being hoisted, the hoist's metal broke causing the hoist to fall and strike Plaintiff Hunter Derickson on the head.

9.

As a result of the impact, Plaintiff Hunter Derickson felt momentarily stunned and may have loss consciousness.

10.

The injuries caused by the falling hoist necessitated medical care and caused Plaintiff Hunter Dickerson to lose time from work resulting in lost earnings.  He continues to suffer from his injuries through today.

11.

At all times material to this action, Plaintiff Hunter Derickson has been married to Jace Derickson.  The injuries suffered by Hunter Derickson have caused loss of consortium.

## CAUSES OF ACTION

## COUNT 1- Strict Liability

12.

All the previous paragraphs of the Complaint are hereby incorporated by reference into this Count 1.

13.

At all times material to this claim, Defendant Grainger was in the business of designing, manufacturing, and marketing chain hoists and did design, manufacture and market the chain hoist that failed giving rise to the subject matter of this lawsuit.

14.

Under O.C.G.A. § 51-1-11 and other applicable case law, Defendant Grainger is strictly liable to Plaintiffs for design defects because the risks inherent in the chain hoist's design outweigh its utility, particularly given the availability of feasible, safer alternative designs that would not impair the chain hoist's functionality. Thus, under Georgia law, the chain hoist is defective in its design.

15.

Defendant knew at all times that as a manufacturer, designer, marketer and

seller of new chain hoists, the subject chain hoist had to be designed, tested, manufactured and marketed so as to minimize risks versus utilities, and that with this product, there was grave risk of harm to the user if Defendant Grainger failed to implement sufficient and reliable design components, safeguards, metal forging standards and other mechanisms to prevent the chain hoist from falling and striking a person.   The subject hoist was and is defective by design because the design chosen by Defendant Grainger allows that very danger to occur and lacks adequate safeguards to protect users from harm.

16.

Defendant Grainger also marketed the chain hoist in a defective manner in that Grainger failed to effectively warn or inform consumers of the unreasonably dangerous properties of the chain hoist and methods by which consumers, such as the Plaintiffs, could guard and/or mitigate such dangers.

17.

The design and warning defects alleged above were the proximate cause of Plaintiffs' injuries and damages, but plead in the alternative, those injuries and damages were or may have also been the result of manufacturing defects in the subject chain hoist which rendered it unreasonably dangerous, and not

reasonably safe, for its intended use, in that as fabricated and manufactured by Defendant Grainger, the chain hoist and its adjacent or related components were made of materials, or in such dimensions, that it could not be used in the manner and within the specifications represented by Defendant Grainger

18.

Defendant Grainger is strictly liable for all injuries and damages to Plaintiffs related to this incident, in an amount more than the jurisdictional minimum necessary to confer jurisdiction in this Court.

## COUNT 2 – Negligence

19.

All previous paragraphs are hereby incorporated by reference into this Count 2.

20.

Defendant Grainger has a duty of reasonable care to design, manufacture, market, and sell non-defective chain hoists that are reasonably safe for their intended uses.  Defendant Grainger also has a duty to adequately warn of dangers posed by a product's design.  These duties applied to the chain hoist at issue in this case.

21.

Defendant Grainger knew, or in the exercise of ordinary care, should have known, that the subject chain hoist was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Defendant Grainger was negligent in the particulars set forth in this and the preceding count.

22.

Defendant Grainger knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing, and marketing the subject chain hoist such that the type of incident and resulting injuries and damages as described herein would be prevented.  Defendant Grainger had actual knowledge of the means of designing a chain hoist that would not be inadequate and dangerous. Notwithstanding this knowledge, Defendant Grainger failed to adequately design, equip and/or manufacture the subject chain hoist.

23.

Defendant Grainger was additionally negligent in that it failed to give adequate or proper warnings or instructions and failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

24.

Defendant Grainger owed Plaintiffs, as well as the public at large, the

duty of reasonable care in designing, manufacturing, and marketing the subject chain hoist. Defendant Grainger failed to act as an ordinary prudent manufacturer in manufacturing the subject chain hoist and violated its duties and was negligent and said negligence includes those acts and/or omissions previously described.

25.

Defendant Grainger is liable for its negligence for all injuries and damages to Plaintiffs related to this incident, in an amount more than the jurisdictional minimum necessary to confer jurisdiction in this Court.

**COUNT 3 – Loss of Consortium**

26.

All previous paragraphs are hereby incorporated by reference into this Count 3.

27.

Plaintiff Jace Derickson is, and was at all material times to this action, the lawful husband of Hunter Derickson.

28.

As a proximate result of Defendant Grainger's negligent acts and/or omissions, Plaintiff Jace Derickson has suffered both mental and physical injuries in that her husband, due to the debilitating effect of his own injuries, has not been able

to provide the usual companionship, society, and consortium of a spousal relationship.

29.

As a direct and proximate cause of Defendant's negligent acts and/or omissions, Plaintiff Jace Derickson has suffered and continues to suffer loss of society, services and consortium of husband, Plaintiff Hunter Derickson.

**DAMAGES**

30.

Plaintiff Hunter Derickson seeks damages from Defendant Grainger for past, present, and future medical bills and expenses, and other necessary expenses resulting from his incident-related injuries in amounts shown by the evidence at trial.

31.

Plaintiff Hunter Derickson seeks damages from Defendant Grainger for all past, present, and future pain and suffering resulting from his incident-related injuries, in an amount as determined by the enlightened conscience of the jury, including all past, present, and future mental and emotional pain and suffering resulting from her incident-related injuries.

32.

Plaintiff Hunter Derickson seeks a recovery from Defendant Grainger for any

diminished future income and earning capacity proximately flowing from, substantially caused by, or resulting from the subject incident, as to be shown more fully by the evidence at trial.

33.

Plaintiff Hunter Derickson seeks a recovery from Defendant Grainger for the loss of full enjoyment of life he has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscience of the jury.

34.

Plaintiff Jace Derickson seeks a recovery from Defendant Grainger for the loss of society, services and consortium of her spouse, Plaintiff Hunter Derickson, due to the debilitating effect of his injuries resulting from the subject incident, in an amount to be determined by the enlightened conscience of the jury.

**WHEREFORE,** plaintiffs pray:

A)   That they receive a jury trial.

B)   That they awarded damages in excess of $75,000.00, for the injuries caused by Defendant Grainger.

C)   That they be awarded all costs of this action.

D)   That they receive such other relief that the court deem just and proper.

Respectfully submitted,

**HILLEY & FRIEDER**

*/s/ Ronald L. Hilley*
**Ronald L. Hilley, Esq.**
Ga. State Bar No. 354788
**Mia I. Frieder, Esq**.
Ga. State Bar No. 277360
Attorneys for the Plaintiff
Alexis Porter

5855 Sandy Springs Circle
Suite 200
Atlanta, GA  30328
(404) 233-6200
(404) 233-3430 (facsimile)
*ronhilley@hilleylaw.com*
*miafrieder@hilleylaw.com*